**Carmel J. McINTYRE, Plaintiff,**

v.

**UNITED STATES of America; Cecil D. Andrus, Secretary of the Interior, in his official capacity; Frank Gregg, Director, Bureau of Land Management, in his official capacity; Curtis V. McVee, Alaska State Director, Bureau of Land Management; Alaska Native Claims Appeal Board, United States Department of the Interior; Eklutna, Inc.; and Cook Inlet Region, Inc., Defendants.**

Civ. No. A79–391.

United States District Court, D. Alaska.

May 1, 1980.

Joseph W. Evans of Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Anchorage, Alaska, for plaintiff.

Alexander O. Bryner, U. S. Atty. for Alaska, Rene Gonzales, Asst. U. S. Atty., James Mothershead, Atty. Sol., Dept. of Interior, Anchorage, Alaska, for Alaska Native Claims Appeal Bd.

Edward Burton and John C. Siemers, Burr, Pease & Kurtz, Anchorage, Alaska, for defendant Eklutna, Inc.

Joyce E. Bamberger, Anchorage, Alaska, for Cook Inlet Region, Inc.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on federal defendants' motion to dismiss.

The relevant facts in this land dispute are simply stated. On March 30, 1979, the Division of Alaska Native Claims Settlement Act Operations (hereinafter "ANCSA Operations Division"), Bureau of Land Management (hereinafter "BLM") published decision AA–6661–B, C, which indicated that a certain parcel of land claimed by plaintiff had been tentatively approved for conveyance to the village corporation Eklutna, Inc. Plaintiff filed a timely notice of appeal on April 30, 1979, before the Alaska Native Claims Appeal Board (hereinafter "AN-CAB"), challenging this pending conveyance.

On November 30, 1979, ANCAB rejected plaintiff's claim and plaintiff's request for referral of his appeal to the Interior Board of Land Appeals, Department of the Interior. The BLM decision to convey the land to Eklutna, Inc. was affirmed. Plaintiff's attorney received notice of the decision on December 7, 1979.

On December 14, 1979, BLM, through its ANCSA Operations Division, issued a patent covering the land in question. The patent conveyed title to the surface rights to Eklutna, Inc. and title to the subsurface rights to Cook Inlet Region, Inc.

On December 20, 1979, plaintiff brought this action, seeking judicial review of the ANCAB decision of November 30, 1979, under the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (hereinafter "APA"). The defendant United States has moved to dismiss on the grounds that once the patent to the land was issued by BLM, legal title was transferred and the Department of the Interior was thereby divested of its jurisdiction over the land. The United States further contends, for this same reason, that plaintiff is without standing and that his claim has been rendered moot.

■ While the Department of the Interior lacks jurisdiction over land it has conveyed by patent, it does not follow that this court is similarly without jurisdiction to resolve disputes concerning that land. The equitable power of courts to modify or set aside land patents has long been recognized: "If fraud, mistake, error or wrong has been done, the courts of justice present the only remedy." *Moore v. Robbins*, 96 U.S. 530, 533, 24 L.Ed. 848 (1877). Defendant's lack of jurisdiction over the land has never precluded a court from invoking its equitable powers to remedy an improper conveyance.

The defendant suggests, however, that any such remedy lies in an action by plaintiff against Eklutna, Inc. and Cook Inlet Region, Inc. for the imposition of a constructive trust or other appropriate relief. This might be so were the Department of the Interior's earlier action in denying plaintiff's claim not subject to judicial review under the APA. In other words, although the Department of the Interior has issued a patent to the land in question and has thus lost jurisdiction over the land, the court may nonetheless exercise jurisdiction over the Department in the present case on another basis.

■ The court's jurisdiction derives not from the plaintiff's challenge of the Department's issuance of the patent, but from his challenge to the Department's earlier ANCAB decision. That decision is reviewable under the APA. Any modification or revocation of the patent by this court would result from a grant of equitable relief under the APA. 5 U.S.C. §§ 702, 706.

■ The court is aware of the line of decisions which emphasizes the "unassailability" of a patent "regular on its face." *See, e. g., St. Louis Smelting and Refining Co. v. Kemp*, 104 U.S. 636, 26 L.Ed. 875 (1881). Yet as discussed above, a modification or revocation of a patent by this court under the circumstances of the present case would not constitute a disfavored "collateral attack," but would represent an incidental exercise of equitable powers.

While it may be suggested that such a remedy is the functional equivalent of a

collateral attack on the patent, it is a remedy which is nonetheless necessary if meaningful judicial review under the APA is to be afforded. The court further finds particular significance in the fact that the decisional authority supporting the proposition of the "unassailability" of patents antedates considerably the waiver of sovereign immunity and provision for judicial review of agency action contained in the APA.

■ The necessity of the court's approach becomes apparent upon a close examination of the federal defendants' contention that the issuance of the patent has deprived plaintiff of standing and rendered his claim moot. At the outset, it must be noted that plaintiff has the requisite standing to challenge the ANCAB decision in that he is "[a] person suffering legal wrong because of agency action" entitled to judicial review of the November 30, 1979 ANCAB decision. 5 U.S.C. § 702. Nor can plaintiff possibly be accused of any laches-type untimeliness in bringing this action three weeks after the agency's determination.

■ Nonetheless, the federal defendants argue that the issuance of the patent effectively terminates this court's jurisdiction over the United States in a suit brought to challenge an earlier agency action which served as the very foundation for the subsequent issuance of the patent. Under this reasoning, it would follow that had the plaintiff commenced this action one week earlier, and before the issuance of the patent (instead of after it), he would similarly have found his action against the government subject to dismissal for lack of standing and mootness upon issuance of the patent. Plaintiff's right to judicial review under the APA would thus be rendered meaningless: the Department of the Interior could successfully insulate itself from any suit challenging an ANCAB decision simply by issuing a patent to the disputed land.

■ Finally, for this court to restrict the plaintiff to pursuing his claim in an action against Eklutna, Inc. and Cook Inlet Region, Inc., in which the United States is not also a party defendant would insure a hollow remedy indeed. The issuance of the patent was a direct result of the federal defendants' ANCAB decision. Plaintiff's quarrel is with the Department of the Interior, whose ANCAB decision is the *sine qua non* of both the present action and the issuance of the patent to the non-federal defendants. Eklutna, Inc. and Cook Inlet Region, Inc. ultimately proved to be the incidental beneficiaries of that decision. As such, they are obviously not the proper parties to explain and justify the ANCAB decision which is the crux of this action.

While "[a] patent from the United States is a solemn muniment of title not lightly to be challenged or set aside . . . ." *Germania Iron Company v. United States*, 165 U.S. 379, 382, 17 S.Ct. 337, 339, 41 L.Ed. 754 (1897), neither can this court abdicate its duty to review agency action under the APA and refrain from giving appropriate relief.

Accordingly IT IS ORDERED:

1. THAT federal defendants' motion to dismiss is denied.

2. THAT plaintiff's motion to amend his complaint, being unopposed, is granted.